<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KARL P. SCHEUFLER, <br><br> Plaintiff, <br><br> v. <br><br> DAVID J. MITCHELL, *et al.*, <br><br> Defendants. | Civil Action No. 23-21030 (GC) (TJB) <br><br> <u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Karl P. Scheufler's[1] Motion for Default Judgment against Defendants David J. Mitchell and Vincent Blythe pursuant to Federal Rule of Civil Procedure (Rule) 55(b). (ECF No. 16.) Neither Defendant has opposed or otherwise appeared in this action. The Clerk entered default as to Mitchell on December 14, 2023 and as to Blythe on January 18, 2024. The Court carefully reviewed Plaintiff's submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons

---

[1] Plaintiff identifies himself as "Iesus the Christ, an irrevocable trust by and Karl: house of Israel; Estate, Karl P. Scheufler held in irrevocable trust, Iesus: the Christ, settlor." (ECF No. 1 at 1.) Plaintiff's Complaint appears to bear several hallmarks of the so-called "sovereign citizen" movement. *See Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 133 (3d Cir. 2013) ("[W]e note that [the plaintiff's] sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in any court of law, and he would be wise to direct his energies in a more productive direction."). "'Sovereign citizen' arguments, while made with some regularity, are patently frivolous." *Yun v. New Jersey*, Civ. No. 18-1804, 2019 WL 3416773, at *6 (D.N.J. July 29, 2019); *see also Banks v. Fla.*, Civ. No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, Civ. No. 19-756, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) ("[T]he arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars.")

set forth below, and other good cause shown, Plaintiff's Motion for Default Judgment is **DENIED** without prejudice.

I.  **BACKGROUND**

Plaintiff filed his Complaint on October 10, 2023. (ECF No. 1.) Although much of his Complaint is unclear, the essence of Plaintiff's Complaint seems to be that Defendants wrongfully held themselves out as shareholders and officers of Plaintiff's company, Intelenet Communications d/b/a/ Cloud 9 PBX. (*See id.* ¶ 4.) Plaintiff appears to allege that he founded and/or controlled Intelenet, asserting in his Complaint that "Intelenet Communications is conceived on or about April AD 1996 and formed in February 1th [sic] AD 1999 as an S-CORPORATION with the DNA substance energy life force of the Undersigned obtaining ab-initio as trust res." (*Id.* ¶ 3.) According to Plaintiff, in August 2012, Mitchell became a volunteer bookkeeper and Blythe became an independent contractor of Intelenet. (*Id.* ¶ 4.) However, Plaintiff alleges that Mitchell and Blythe "feigned OWNERSHIP and OFFICER status deceiving a court ex parte attempting to appoint themselves OFFICERS, SHAREHOLDERS, and OWNERS without contract, with no title in/to said property and no property in/to title, covertly under color of law unjustly enriching themselves." (*Id.*)

Plaintiff attaches various exhibits to the Complaint. Several exhibits are documents related to a state-court case captioned *David Mitchell, et al. v. Karl P. Scheufler*, Docket No. OCN-C-225-17, in the Superior Court of New Jersey, Chancery Division. (*See, e.g.*, ECF No. 1-2 at 2, 6, 16, 20, 116.[2]) In that lawsuit, Mitchell and Blythe—who claimed to be the Chief Financial Officer and Chief Technology Officer of Intelenet, respectively—alleged that they each received 750

---

[2]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

shares, or around 30%, of Intelenet stock from Plaintiff in 2014. (*Id.* at 118 ¶ 13, 14.) According to Mitchell and Blythe, they agreed with Plaintiff "to take part in the management of Intelenet." (*Id.* at 118 ¶ 14.) A certification submitted by Mitchell in that lawsuit alleged that Plaintiff fraudulently diverted funds from Intelenet. (*Id.* at 150 ¶ 19.) Plaintiff's Complaint in the instant case alleges that Mitchell and Blythe misrepresented facts to the court in the state-court case, which ultimately led to him losing his interest in Intelenet. (*See* ECF No. 1 ¶ 8 ("David Mitchell and Vincent Blythe proffered the [state court] ex parte with false reports . . . with impermissible hostility towards religion in extreme hatred; denying due process safeguards; stifling free speech.").

Plaintiff seeks damages of $8.48 million for being deprived of "financial increase; PAYROLL; revenue; Income; earnings, future earnings and other benefits" in connection with his loss of ownership in Intelenet. (*Id.* ¶ 75.) Plaintiff also alleges that Blythe remotely wiped his cell phone twice—once in 2017 and once in 2018. (*Id.* ¶ 80.) Plaintiff characterizes these as "terroristic cyber-attacks" and claims the remote data wipes "eradicate[ed] all private and personal notes, photos, videos and emails causing irreparable loss, harm and damage" to him. (*Id.* ¶ 82.)

Plaintiff's Complaint includes the following claims against Mitchell: a civil action for deprivation of rights under 18 U.S.C. § 247(a)(2) and 42 U.S.C. § 1983 for "damage to religious property" and "obstruction of persons in the free exercise of religious beliefs" (Counts One, Three, and Five); "perjury generally" under 18 U.S.C. § 1621 (Counts Two and Seven); "statements of entries generally" under 18 U.S.C. § 1001 (Counts Four and Six); "conspiracy to commit offense" under 18 U.S.C. § 371 (Count Eight); "fraud and related activity in connection with access devices" under 18 U.S.C. § 1029(a)(1) (Count Nine); "conspiracy against rights" under 18 U.S.C. § 241 (Count Ten); "deprivation of rights under color of law" under 18 U.S.C. § 242 (Count Eleven);

3

and a claim asserting "special maritime and territorial jurisdiction" under 18 U.S.C. § 661 (Count Twelve).

As to Blythe, Plaintiff asserts the following: civil action for deprivation of rights under 42 U.S.C. § 1983 (Count One); "conspiracy to interfere with civil rights" under 42 U.S.C. § 1985 (Count Two); "damage to religious property" and "obstruction of persons in the free exercise of religious beliefs" under 18 U.S.C. § 247(a)(2) (Count Three); "fraud and related activity in connection with computers" under 18 U.S.C. § 1030 (Count Four); and "tampering with a witness, victim, or an informant" under 18 U.S.C. § 1512(b)(ii) (Count Five).

In support of his Motion for Default Judgment, Plaintiff submits an affidavit outlining that the Summons and Complaint were personally served upon Defendants, and he attaches what he purports to be proof of service forms as exhibits. (ECF No. 16 at 3, 13, 22.) According to Plaintiff, Mitchell was served on November 16, 2023 and Blythe was served on December 21, 2023. (*Id.*)

## II.  LEGAL STANDARD

### A.  Default Judgment

Under Rule 55(a), a Plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once a default has been entered, the Plaintiff may then seek the entry of a default judgment—either by the clerk or the court itself under Rule 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No.

4

16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint ... except those factual allegations related to the amount of damages." *DirecTV*, 2006 WL 680533, at *1. Still, "[t]he Court need not accept the moving party's legal conclusions, because [e]ven after default ... it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (citation and internal quotation marks omitted).

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction, (2) the defendant was properly served, (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, Civ. No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015)). In addition, the court must evaluate three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same). If these factors weigh in favor of the moving party, the court may grant a default judgment.

5

## III.  DISCUSSION

### A.  Subject-Matter Jurisdiction

Although Plaintiff's Complaint contains a section titled "Jurisdiction and Venue," it does not clearly set forth a basis for the Court's subject-matter jurisdiction. (ECF No. 1 ¶ 22-34.)[3] Plaintiff, however, brings causes of actions under various federal statutes, which would suggest that this Court has federal question jurisdiction. *See* 28 U.S.C. § 1331. Upon closer review, it is apparent that most of Plaintiff's claims are frivolous and would therefore not support federal question jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 350 (3d Cir. 2016) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (for dismissal based on lack of subject-matter jurisdiction, a "claim must be 'so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy'" (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974))).

The Court concludes that Plaintiff asserts one cause of action that is not wholly insubstantial and frivolous. However, Plaintiff fails to state a claim under that cause of action, and Defendants have meritorious defenses to Plaintiff's claims. Accordingly, Plaintiff's Motion for Default Judgment will be denied.

---

[3]  Plaintiff references, among other things, the Holy Bible, the British Royal Family, "The Paris Peace Treaty of September 30, 1783," and various Uniform Commercial Code filings. (*Id.*)

### *1. Federal Civil Rights Claims*

Plaintiff brings several claims pursuant to 42 U.S.C. §§ 1983 and 1985. Subject to limited exceptions not relevant here,[4] these civil rights statutes generally require a defendant to be a state actor. *See Thompson v. Eva's Vill. & Sheltering Program*, 243 F. App'x 697, 698 (3d Cir. 2007) (affirming grant of summary judgment to the defendants on the plaintiff's §§ 1983 and 1985 claims where the defendants were not state actors); *St. Matthew's Slovak Roman Cath. Congregation v. Most Reverend Wuerl*, 106 F. App'x 761, 766 (3d Cir. 2004) (affirming dismissal for lack of subject matter jurisdiction where the plaintiffs brought suit against non-state actors); *Hardaway v. Philadelphia Police Dep't*, Civ. No. 24-1841, 2024 WL 1998500, at *2 (E.D. Pa. May 6, 2024) (holding there was "no basis to find federal question jurisdiction" where the plaintiff did "not make plausible allegations against [the defendants] as state actors depriving him of a federal civil right"). Thus, to establish a violation of these statutes, Plaintiff must plausibly allege that Defendants "acted under color of state law" when they violated plaintiff's federal rights. *See Groman v. Twp. of Manalapan*, 47 F.3d 628 (3d Cir. 1995).

Plaintiff has not done so here. While Plaintiff alleges that Blythe is a former "Police Chaplain," none of his allegations relate to actions Blythe took in a law enforcement capacity. (ECF No. 1 ¶ 10.) Plaintiff's Complaint contains merely conclusory allegations that Defendants acted under the color of state law. For example, he alleges the Defendants "under color of law criminally trespass upon the body and mind of Christ, the Church, my DNA substance of which

---

[4] "Section 1985(3) creates a private right of action for persons injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Guevara v. Elizabeth Pub. Sch.*, Civ. No. 18-15728, 2019 WL 3244592, at *5 (D.N.J. July 18, 2019). However, "[s]ection 1985 requires a plaintiff to allege that invidious racial, or otherwise class-based, discriminatory animus lay behind the defendants' actions." *Carpenter v. Ashby*, 351 F. App'x 684, 687 (3d Cir. 2009).

7

the tertium quid trust res Estate KARL P. SCHEUFLER, INTELENET COMMUNICATIONS, INC. arises from." (*Id.* ¶ 51.) He makes vague references to police departments and prosecutors' offices, but does not set forth any facts upon which the Court could conclude that Defendants acted under color of state law—asserting, by way of example, that:

> Desperate to gain advantage David Mitchell and Vincent Blythe badger and deceive the liuing soules acting as POINT PLEASANT BOROUGH POLICE DEPARTMENT and OCEAN COUNTY PROSECUTORS, STATE OF NEW JERSEY [INC.] asserting invalid orders to unjustly enrich themselves incessantly projecting their own criminal conduct onto the Undersigned, including but not limited to perjury, fraud, contempt, bearing false witness, false reports theft with slander and liable smearing the Undersigned and the Estate KARL P. SCHEUFLER with fake news.

[(*Id.* ¶ 9. (brackets in original).)]

Plaintiff cannot premise this matter on federal question jurisdiction under these federal civil rights statutes based on such allegations. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) ("[The plaintiff] likewise failed to invoke the District Court's federal question jurisdiction as his federal claims are 'wholly insubstantial and frivolous.' . . . . [The Plaintiff's] vague reference to 'civil rights violations' and his citation to 'Tile 42, Subsections 1981, 1983, 1985, & 1986' did not create a federal question." (citation omitted)).

### 2. *Federal Criminal Statutes*

The remainder of Plaintiff's causes of action cite various federal criminal statutes. Criminal codes do not usually create private rights of action. *See, e.g.*, *Weeks v. Bowman*, Civ. No. 16-9050, 2017 WL 557332, at *2 (D.N.J. Feb. 10, 2017) (dismissing complaint based on criminal statutes for lack of a private cause of action). Plaintiff's claims under 18 U.S.C. §§ 241, 242, 247, 371, 661, 1001, 1029, 1512 and 1621, are all baseless because none of those statutes create a private cause of action. *See Davis v. Jordan*, 573 F. App'x 135, 137 (3d Cir. 2014) ("[A]private cause of action does not exist under 18 U.S.C. § 1001. . . ."); *Ivey v. Dep't of Treasury*, 285 F.

App'x 763 (D.C. Cir. 2008) (holding there is no private cause of action under 18 U.S.C. § 1621); *Olexsak v. Jones*, Civ. No. 21-20026, 2022 WL 2980985, at *4 (D.N.J. July 28, 2022) (holding that 18 U.S.C. §§ 242, 245 and 1621 do not create private causes of action); *Graham v. Rawley*, Civ. No. 14-6743, 2015 WL 511196, at *3 (D.N.J. Feb. 6, 2015) ("18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371 . . . are all criminal statutes, which do not create a private cause of action"); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del 2009.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) (holding that 18 U.S.C. §§ 241, 242 and 1512 do not create private causes of action); *Smith v. Thomas-St.*, Civ. No. 24-4215, 2024 WL 3993222, at *4 (E.D. Pa. Aug. 29, 2024) (collecting cases finding that 18 U.S.C. § 247 does not create a private right of action); *Dunahoo v. Hewlett-Packard Co.*, Civ. No. 11-05588, 2012 WL 178332, at *5 (S.D.N.Y. Jan. 20, 2012) (finding no private right of action under 18 U.S.C. § 1029). *Whaley v. Pennsylvania*, Civ. No. 22-00987, 2022 WL 20212747, at *14 (M.D. Pa. Dec. 27, 2022), *report and recommendation adopted*, Civ. No. 22-00987, 2023 WL 4188028 (M.D. Pa. June 26, 2023) (finding no private cause of action under, among other statutes, 18 U.S.C. § 661).

      Indeed, the only criminal statute cited by Plaintiff that provides a private cause of action is the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, which "generally prohibits unauthorized computer access." *Spirits v. Ragghianti*, Civ. No. 23-2913, 2024 WL 3177773, at *3 (3d Cir. June 26, 2024). To bring a claim under the CFAA, "a plaintiff must show that the defendant: (1) accessed a 'protected computer;' (2) without authorization or exceeded authorized access; (3) knowingly and with an intent to defraud; (4) obtained something of value; and (5) caused damage or loss to the plaintiff in excess of $5,000 in a one-year period." *Teva Pharms. USA, Inc. v. Sandhu*, 291 F. Supp. 3d 659, 668 (E.D. Pa. 2018).

9

Although required by the CFAA, Plaintiff does not set forth any damages amount, nor has he provided a basis to infer his damages exceed $5,000 under the CFAA claim.[5] He alleges in his Complaint that:

> on the sixteenth day of the twelfth month of AD 2017 (December 16th AD2017) and on the eleventh day of the fifth 2018 AD (May 11th AD 2018) contrary to law as expressed through 18 U.S. Code § 1030 Vincent Blythe repeatedly with intent to defraud, tampered with evidence, destroyed the Undersigned's private property, destroyed evidence by accessing [Plaintiff's] computer/phone, harassing the Undersigned by executing two (2) terroristic cyber-attacks, "Remote Device Wipes", permanently eradicating all private and personal notes, photos, videos and emails causing irreparable loss, harm and damage to the [Plaintiff].

[(ECF No. 1 ¶ 81.)]

Plaintiff's failure to quantify his damages is ultimately fatal to his claim. *See Spirits*, 2024 WL 3177773, at *3 (holding that the plaintiff failed to sustain a CFAA claim where the complaint contained no allegations that the alleged CFAA violation *directly* caused more than $5,000 in damages); *Deutsch v. Hum. Res. Mgmt., Inc.*, Civ. No. 19-5305, 2020 WL 1877671, at *5 (S.D.N.Y. Apr. 15, 2020) ("Plaintiff has also failed to allege facts from which the Court could infer that she has met the minimum loss threshold for a civil claim under the CFAA"); *Bose v. Interclick, Inc.*, Civ. No. 10-9183, 2011 WL 4343517, at *4 (S.D.N.Y. Aug. 17, 2011) (finding the plaintiff's CFAA claims failed "because she does not quantify the repair cost or cost associated with investigating the alleged damage"). However, the Court does not conclude Plaintiff's CFAA claim is so insubstantial as to divest this Court of subject-matter jurisdiction.[6] *See Brisco v. Doe*, 615 F. App'x

---

[5]   Plaintiff seeks total damages of $8,480,000 (ECF No. 1 at 29), but he does not set forth the monetary damages caused by the alleged CFAA violation.

[6]   As addressed in Section III(B), Plaintiff's CFAA is also time-barred, but that does not affect this Court's subject-matter jurisdiction. *See Tactical Pers. Leasing, Inc. v. Hajduk*, Civ. No.

745, 746 (3d Cir. 2015) ("Dismissal under Rule 12(b)(1) 'is not appropriate merely because the legal theory alleged [in the complaint] is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" (quoting *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir.1987)); *see also Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir. 1989) ("The threshold to withstand a motion to dismiss [for lack of subject-matter jurisdiction] is thus lower than that required to withstand a . . . motion [to dismiss for failure to state a claim].").  The Court therefore concludes that it has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.  Service of Process

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Est. of Ianuzzi through Carroll v. Torres*, Civ. No. 22-1269, 2022 WL 2093143, at *3 (D.N.J. June 10, 2022) (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011)).  Rule 4 provides that service may be made upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under New Jersey law "the primary method of obtaining personal jurisdiction over a defendant is by 'delivering a copy of the summons and complaint to the individual personally.'" *Days Inns Worldwide, Inc. v. Patel*, Civ. No. 13-6047, 2014 WL 2737893, at *1 (D.N.J. June 17, 2014) (citing N.J. Ct. R. 4:4-4).

---

18-203, 2018 WL 4740195, at *2 (W.D. Pa. Oct. 2, 2018) (analyzing time-barred CFA claim which served as the only basis for federal question for failure to state a claim under Rule 12(b)(6)).

Plaintiff sets forth in his affidavit that both Defendants were personally served at their respective residences in New Jersey. (*See* ECF No. 16 at 3, 13, 22.) Particularly as to Defendant Mitchell, the Court finds this contention dubious. In support, Plaintiff submits a "Proof of Service upon: the liuing soule acting as DAVID J. MITCHELL." (*Id.* at 13.) The proof of service states that service was made "face to face upon David Mitchell the liuing soule himself" on the "sixteenth day of eleuenth month, *Anno Domini*, Two thousand twenty-three." (*Id.*) Given the form of this proof of service, which invokes typical sovereign citizen language, the Court is hesitant to accept that service was properly made upon Mitchell. *See Townsend v. Georgia*, Civ. No. 18-303, 2019 WL 1009421, at *2 (S.D. Ga. Feb. 11, 2019), *report and recommendation adopted*, Civ. No. 18-303, 2019 WL 1005199 (S.D. Ga. Mar. 1, 2019) ("[The plaintiff's] reference to himself in the third person as 'a living Human being' and 'living soul' is also typical of such frivolous sovereign-citizen claptrap."). As to Blythe, Defendant submits a return of service declaring that the Summons and Complaint were served upon Blythe's daughter, a person of suitable age to receive service. (ECF No. 16 at 22.) The return of service is signed by a process server and includes a description of Blythe's daughter. (*Id.*) In any event, beyond the potentially insufficient service, the Court concludes that the Motion for Default Judgment must be denied for other reasons.

### C. Personal Jurisdiction

The Court concludes that if Plaintiff properly served Defendants, the Court would have general personal jurisdiction over Defendants, both of whom are individuals allegedly residing in New Jersey. (ECF No. 16 ¶¶ 3, 8.) *See Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 223 (D.N.J. 2020) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014))).

### D. Sufficiency of Plaintiff's Allegations/Potential Meritorious Defenses

For the reasons outlined above, Plaintiff's claims brought under 42 U.S.C. §§ 1983 and 1985 fail because Plaintiff has not plausibly alleged that any of the Defendants are state actors or otherwise acted under color of state law. Plaintiff's claims under 18 U.S.C. §§ 241, 242, 247, 371, 661, 1001, 1029, 1512, and 1621 fail because those criminal statutes do not create a private cause of action. Plaintiff's CFAA claim fails because he has not sufficiently alleged damages specific to the CFAA. *See* Section III(A), *supra*.

Defendants also have meritorious defenses. Plaintiff's CFAA claim is likely barred by the statute of limitations because it is obvious from the face of the Complaint that the claim is time-barred. The CFAA provides that "[n]o action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. 1030(g); *see also Radcliff v. Radcliff*, Civ. No. 20-3669, 2020 WL 7090687, at *5 (D.N.J. Dec. 4, 2020). Plaintiff alleges that his phone was remotely wiped in 2017 and 2018, yet he did not file this action until October 2023. Moreover, Plaintiff attaches exhibits to his Complaint which show that he was notified of the remote device wipes contemporaneously in 2017 and 2018. (*See* ECF No. 1-2 at 156.)

While not entirely clear from the Complaint, Plaintiff's claims may also be barred under the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166. Here, Plaintiff attaches exhibits from a related state-court proceeding, and

he appears to attack the sufficiency of a judgment issued by that court. (*See,* e.g., ECF No. 1 ¶ 15 (appearing to refer to the related state court action, alleging that "honor and good faith cannot as a matter of Law Certify a Final Judgment in that matter"); ECF No. 1-2 at 2 (attaching an Order from the related state-court case with "Refused for Cause Without Dishonor" written across it).)

Along similar lines, Plaintiff's suit may be barred under New Jersey's entire controversy doctrine, which "mandates joinder of those claims arising from 'the same overall transaction' involving the parties already named in the lawsuit." *Dowdell v. Univ. of Med. & Dentistry of New Jersey*, 94 F. Supp. 2d 527, 534 (D.N.J. 2000). Thus, Defendants' potential meritorious defenses are another basis upon which the Court must deny Plaintiff's Motion.

Finally, Plaintiff does not support his Motion for Default Judgment by providing any basis for the Court to conclude the allegations in his Complaint are sufficient. To the contrary, Plaintiff refers to the following "supporting documents" submitted in connection with his Complaint, but his allegations are unintelligible and conclusory in nature:

> unrebutted monthly Notices/Invoices and Affidavits admitting no contract, no W-2's, no K-1' no ownership, no certified proof claim inter alia, Default notices and Default Judgement agreeing to liability accepted by Defendant David Mitchell and accepted by Defendant Vincent Blythe "for the stifling of the ability to fulfill role as a fiduciary and maintain customer & prospective customer relationships; undermining the confidence of the People in the company, INTELENET COMMUNICATIONS, dbaCLOUD 9 PBX; for expanding the attrition rate; for the ongoing and continuing irreparable injury and damages to religious property, trust res and thereby to children and to the reputation of the Undersigned; and for the hindrance of the ability to earn increase; adversely affecting long term sales into perpetuity accruing at $1500 per diem beginning October 19 th2017 AD."

[(ECF No. 16 ¶ 13.)]

Since neither the Complaint nor Plaintiff's moving papers establish the sufficiency of Plaintiff's allegations, the Motion will be denied. *See, e.g., Lumico Life Ins. Co. v. Marks*, Civ.

No. 19-18968, 2021 WL 1783283, at *3 (D.N.J. May 5, 2021) (denying motion for default judgment for failure to address sufficiency of allegations); *Ramos v. Dermotology Grp.*, Civ. No. 19-17404, 2021 WL 4260839, at *4 (D.N.J. Sept. 20, 2021) ("Because [the] [p]laintiff repeatedly disregards the [c]ourt's directive to identify the necessary elements of her . . . claims, as well as the pertinent factual support as alleged in the Complaint, [the] [p]laintiff's [Motion for Default Judgment] must be denied . . . .").

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion for Default Judgment (ECF No. 16) is **DENIED**. Plaintiff has 30 days in which to file an Amended Complaint to the extent Plaintiff can cure the deficiencies identified by the Court.[7] An appropriate Order follows.

Dated: November 6th, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff is reminded that any pleading must include a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Failure to comply with Rule 8 may result in the Court dismissing the case. *See Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) ("A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8. . . .").